FILED
October 06, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003817745

Law Offices of Stephen J. Johnson
Stephen J. Johnson, SBN 88888
13620 Lincoln Way Suite 220
Auburn, CA 95603
(530) 823-3655
(530) 823-3572
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

Leslie Power

    Debtor.

_____/

Case No. 2011-39506
Mtn. Ctrl. No.: SJJ-001
In Chapter 7

**NOTICE OF HEARING ON DEBTOR'S MOTION TO COMPEL TRUSTEE TO ABANDON THE ESTATE'S INTEREST IN DEBTOR'S BUSINESS**

Date:     October 24, 2011
Time:     10:00 a.m.
Department:  A

**MOTION TO COMPEL TRUSTEE TO ABANDON THE ESTATE'S INTEREST IN DEBTOR'S BUSINESS**

TO: THE TRUSTEE, JOHN ROBERTS, THE UNITED STATES TRUSTEE, ALL CREDITORS, AND TO ALL OTHER INTERESTED PARTIES:

Pursuant to 11 U.S.C. §721, 11 U.S.C. §554(b) and Federal Rule of Bankruptcy Procedure 6007(b), LESLIE POWER, Debtor and Petitioner herein, by and through her attorney, STEPHEN JOHNSON, hereby moves the Court for an order requiring the Trustee of the above-captioned estate to abandon the estate's interest in the Business: **Leslie's Cleaning Service**. In support of the motion, the Debtor respectfully represents as follows:

///

///

1. The Petitioner is the Debtor in the above captioned bankruptcy case, having filed the Petition for relief in Chapter 7 on August 8, 2011. Trustee John Roberts has duly been appointed to serve as trustee.

2. The first meeting of creditors under Chapter 7 was held on September 16, 2011. The meeting of creditors was continued to October 7, 2011. The Trustee is expected to file a Report of No Distribution.

3. Pursuant to Federal Rule of Bankruptcy Procedure 4003(b), an objection to a claim of exemption may only be filed within 30 days of the conclusion of the Meeting of Creditors or the filing of an amended Schedule C.

4. The Debtors are operating a business, **Leslie's Cleaning Service** (hereinafter "the Business"), located at 4076 Grass Valley Hwy Ste D Auburn CA 95602.

5. Under the provision of Title 11 US Code §721, the Trustee may operate the Business if it is in the estate's best interest. To remove the estate from any further exposure to liability from the continued operation of the Business, the Trustee may liquidate the Business; or, pursuant to § 554(b), be compelled to abandon any interest in the Business.

6. 11 U.S.C. § 554(b) states that "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Based on the inventoried value, the business is of inconsequential value and of no benefit to the estate. In fact, the sale would not yield any funds to cover any Trustee administration costs.

7. The Debtor has reviewed the Business, including its current condition, the value of the inventory & equipment, and the exemptions properly claimed by the Debtor. The Debtor asserts

///

4

that the interest of the this estate would be best served by abandoning any interest in the continued operation of the Business, as it is of inconsequential value to the estate.

8. Business Assets that are proposed to be abandoned: All office furniture and equipment, all business tools of the trade, a business checking account ending in 4810 and a business savings account ending in 8383.

9. Business Assets outlined in paragraph 8 above, have been fully exempted under CCCP §703.140(b)(5),(6).

10. Valuation of Business: .................................................................$1,800.00

Less: Exemptions claimed by Debtors: ...................................$1,800.00

Net Equity of the Business: ......................................................$.00

Projected Business Liquidation Costs: ....................................$500.00

Final value of Business to the Estate: .................................. -$500.00

11. Based upon the foregoing analysis, the Debtors assert that there is no value to be gained by the estate from a continued interest in the operation of the Business.

WHEREFORE, Debtors and Petitioners herein respectfully request that this Court enter an order requiring the Trustee to abandon the estate's interest in the collateral.

Respectfully Submitted,

Dated: 10/6/11      By: __/s/ Stephen Johnson__
                         Stephen Johnson
                         Attorney for Debtors